JONAS O. HOOVER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when case determined by evidence.* In a case of the fourth class in the Municipal Court of Chicago, the case is what the evidence makes it.

2. PRINCIPAL AND AGENT, § 1*—*who is agent.* One to whom butter is sent for sale at a certain price, less commission, in response to a solicitation by mail, is an agent of the seller.

3. PRINCIPAL AND AGENT, § 55*—*what is duty of agent as to accounting..* It is the duty of one to whom butter is sent for the purpose of sale on commission for the principal to promptly and honestly account to the principal for the proceeds of the butter sold.

4. PRINCIPAL AND AGENT, § 72*—*when commission forfeited.* An agent for the sale of butter on commission forfeits his claim to a commission by the making of false statements and the rendition of false accounts to the principal.

---

Peter Billow, Appellee, v. Isaac Miller, Appellant.

Gen. No. 23,589.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment of *nil capiat* and for costs. Opinion filed May 13, 1918.

### Statement of the Case.

Action by Peter Billow, plaintiff, against Isaac Miller, defendant, on the promise to pay indebtedness for work done for one Jacob Zeman, under a written

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contract entered into between defendant and said Zeman. From a judgment for plaintiff for $336.80, defendant appeals.

For an abstract of the decision on a former appeal, see 194 Ill. App. 524.

EDWARD C. BERGLUND, for appellant.

MAX M. GROSSMAN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUDS, STATUTE OF, § 17*—*what is collateral promise.* The promise to pay the indebtedness of a subcontractor under a written contract between the contractor and owner is not an original but a collateral one, and is obnoxious to the Statute of Frauds.

2. FRAUDS, STATUTE OF—*when verdict should be directed for defendant.* In an action on an agreement to pay indebtedness of a subcontractor under a written contract between the contractor and owner, where it appears from the plaintiff's proofs that the contract is of such a nature and consequently a collateral one within the Statute of Frauds, it is reversible error to deny a motion by defendant for a directed verdict in his favor.

---

Annie Lee Medcalf, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant.

Gen. No. 23,754. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed May 13, 1918. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.